IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL ALKHEMISI, *et al.*, ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 05-CV-1983 (RMU) (AK) |
| GEORGE W. BUSH, ) President of the United States, ) *et al.*, ) | |
| Respondents. ) | |

**RESPONDENTS' OPPOSITION TO EMERGENCY MOTION TO
<u>COMPEL IMMEDIATE ACCESS TO COUNSEL</u>**

Respondents hereby oppose petitioner's emergency motion for counsel access to petitioner Ismail Alkhemisi (dkt. no. 12), a detainee at Guantanamo Bay whose petition for writ of habeas corpus has not been properly authorized and is therefore not properly before this Court.

Respondents oppose petitioner's motion for the same reasons expressed in Respondents' Memorandum In Opposition To Emergency Motion For Order Directing Respondents To Comply With Protective Order (dkt. no. 57) and Respondents' Emergency Motion For Stay And Reconsideration Of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), previously filed in <u>Kiyemba v. Bush</u>, 05-CV-1509 (RMU). Respondents' memoranda are attached as Exhibits A & B and incorporated herein by reference. As explained more fully therein, the petition brought on behalf of petitioner Alkhemisi is deficient in the same respects as the petition brought on behalf of the <u>Kiyemba</u> petitioners. The petition is not directly authorized by petitioner Alkhemisi, nor has the putative "next friend" detainee, Omar Deghayes, established

appropriate next friend standing under <u>Whitmore v. Arkansas</u>, 495 U.S. 149 (1990). <u>See</u> Authorization of Omar Deghayes (attached to Petition) (dkt no. 1). Consequently, the purported next-friend authorization does not satisfy the counsel authorization requirements of the Amended Protective Order entered in this case. <u>See</u> Revised Procedures For Counsel Access § III.C.1 (dkt. no. 5).

In addition, petitioners motion should be denied because respondents have not been able to confirm the identity of petitioner Alkhemisi as a detainee at Guantanamo Bay. The phenomenon of detainees filing petitions purportedly on behalf of other detainees about whom they have little knowledge presents the practical difficulty of identifying the detainees for whom habeas relief is sought. Given the similar names or aliases of many of the approximately 450 individuals detained at Guantanamo Bay, it is often difficult, if not impossible, to correctly identify detainees based on the minimal information provided in the petitions. Indeed, respondents are often left trying to guess at a detainee's identity. The petition filed on behalf of petitioner Alkhemisi is indicative of these problems – it provides scant information about petitioner, merely his name and alleged country of citizenship. <u>See</u> Petition For Writ Of Habeas Corpus (dkt. no. 1). Because petitioner could not be identified as a detainee at Guantanamo based on this limited information, respondents contacted petitioner's counsel in February 2006 to request more information about petitioner's identity. On July 17, 2006 – approximately five months later – petitioner's counsel informed respondents of counsel's belief that petitioner is the detainee at Guantanamo with Internment Serial Number (ISN) 708, based on counsel's apparent review of information drawn from a list of Guantanamo Bay prisoners produced by the government in response to Freedom of Information Act requests. <u>See</u> Exhibit C (e-mails

between Andrew Warden & Gita Gutierrez). According to counsel, petitioner's first name and nationality match one of the detainees on the Freedom of Information Act list. Id. However, given the number of aliases among the detainee population and the failure to match petitioner's last name with the last name of the detainee listed on the Freedom of Information Act list, respondents' counsel asked petitioner's counsel to supply additional information regarding petitioner's identify. Petitioner's counsel has not responded to that request. See id. In any event, based on the information petitioner's counsel has provided, respondents are in the process of conferring with the Department of Defense regarding the petitioner's identity, but no conclusions have been reached at this time. In light of the current uncertainty regarding the identity of petitioner, respondents should not be compelled to provide privileged access to wartime enemy combatant detainee based on counsel's apparent guesswork as to petitioner's identity from a Freedom of Information Act list.

Finally, petitioner's motion should be denied on procedural and equitable grounds because petitioner failed to bring the counsel access issue before the Court in a timely fashion, thereby denying respondents the opportunity to seek reconsideration by the District Judge of any adverse decision by the Magistrate Judge before petitioners' counsel scheduled visit to Guantanamo in which she proposes to meet with the petitioner at issue (and others). On July 10, 2006, respondents' counsel informed counsel for petitioner by electronic mail that respondents would not permit counsel to meet with petitioner Alkhemisi during counsel's trip to Guantanamo on July 20-28, 2006. See Petitioner's Motion (dkt. no. 12), Exhibit B. However, petitioner's counsel waited nearly two weeks, until July 20 – the same day as her scheduled departure to Guantanamo – to file a motion seeking access to petitioner Alkhemisi before the Magistrate

Judge.  See id.; see also November 2, 2005 Order (dkt. no. 2) (referring all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel, to Magistrate Judge Kay).  With counsel's meetings with petitioner Zalita tentatively scheduled to begin on Tuesday, July 25, the Magistrate Judge convened an emergency telephone hearing late in the afternoon on Friday, July 21,[1] but petitioners' counsel offered no explanation for her inaction, which, intentional or otherwise, had the practical effect of preventing respondents from seeking reconsideration of any adverse order of the Magistrate Judge by the District Judge in a timely manner prior to counsel's scheduled meetings with petitioner.  By effectively sandbagging respondents with a last-minute emergency motion, petitioner's counsel was in a position to be able to obtain relief from the Magistrate Judge, see July 21, 2006 Order (dkt. no. 13), but respondents were not practically able to avail themselves of the right to seek reconsideration before the District Judge prior to counsel's visit.[2]  See Fed. R. Civ. P. 72.  Such tactics should not be rewarded, and it is unfair to deprive respondents of the opportunity to pursue timely relief before the District Judge in this case before being required to provide privileged access to petitioner.

For these reasons, which were stated on the record during the Court's telephone conference on Friday, July 21, petitioner's emergency motion for counsel access to petitioner

---

[1] Respondents' counsel were not served with the motion until several hours before the scheduled telephone hearing.

[2] Indeed, respondents have regularly appealed orders by the Magistrate Judge requiring counsel access in the Guantanamo habeas litigation.  The District Judge in this case has not ruled on the issues raised in such appeals.  See e.g., Respondents' Emergency Motion For Stay And Reconsideration Of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), filed in Kiyemba v. Bush, 05-CV-1509 (RMU).


Ismail Alkhemisi should be denied.[3]

Dated: July 25, 2006                                 Respectfully submitted,

                                                  PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN (IN Bar No. 23840-49)
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

---

[3] Pursuant to the Court's July 21, 2006 Order (dkt. no. 13), respondents submit the instant opposition memorandum, *nunc pro tunc*, to July 21, 2006.