IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABU ABDUL RAUF ZALITA, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1220 (RMU) (AK) |
| ISMAIL ALKHEMISI, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1983 (RMU) (AK) |

**RESPONDENTS' MOTION FOR RECONSIDERATION
OF MAGISTRATE JUDGE'S JULY 21, 2006 ORDER**

Respondents hereby object to and seek reconsideration of Magistrate Judge Alan Kay's July 21, 2006 Order ("July 21 Order") requiring that respondents permit counsel to meet with petitioners in these cases detained by the Department of Defense ("DoD") at the United States Naval Base in Guantanamo Bay, Cuba.  *See Zalita*, dkt. no. 14; *Alkhemisi*, dkt. no. 13. Respondents object to the July 21 Order for the same reasons expressed in Respondents' Emergency Motion For Stay And Reconsideration Of Magistrate Judge's June 29, 2006

Memorandum Order (dkt. no. 61, 62), previously filed in *Kiyemba v. Bush*, No. 05-CV-1509 (RMU). Respondents' memorandum, with exhibits, is attached as Exhibit A and incorporated herein by reference. As explained more fully therein, the July 21 Order is clearly erroneous and contrary to law for several reasons. First of all, the Detainee Treatment Act of 2005 creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of aliens detained as enemy combatants at Guantanamo Bay, such as the two individuals who are the subject of the Magistrate Judge's Order in this case. Therefore, the Magistrate Judge had no jurisdictional basis to issue relief in this case.[1]

In addition, the Magistrate Judge clearly erred in concluding that the governing protective order and counsel access procedures in the Guantanamo *habeas* litigation do not require counsel to supply appropriate proof of authority to represent a detainee prior to being permitted privileged access to the detainee. To the contrary, the language, structure, and history of the counsel access procedures evidence a two-layer requirement regarding counsel's authority to bring and then maintain a *habeas* corpus petition on behalf of a Guantanamo detainee. First, in a case such as this brought by a putative "next friend," prior to having privileged access to the detainee, counsel must produce sufficient evidence of counsel's authority to represent the detainee through a proper "next friend." Second, after having the opportunity to meet with the detainee, counsel must submit evidence of the detainee's authorization for counsel to represent him. The Magistrate Judge clearly erred by conflating these separate, and practical, authorization

---

[1] The effect of the Detainee Treatment Act on cases such as this remains pending before the Court of Appeals, and the impact of the Supreme Court's recent decision in *Hamdan v. Rumsfeld*, 548 U.S. __, 126 S. Ct. 2749 (2006), on that issue will be the subject of supplemental briefing in the Court of Appeals to be completed by August 15, 2006.

requirements into a single requirement that counsel who purportedly represents a particular detainee must be provided with privileged access to the detainee on demand and then need only produce evidence of authority to represent the detainee after conducting privileged meetings with the detainee.  In reaching this conclusion, the Magistrate Judge created an extra-legal scheme for establishing jurisdiction in the Guantanamo *habeas* cases that is contrary to law, including the plain terms of the *habeas* statute and the well-established jurisprudence regarding next friend standing.  Further, by requiring the government to provide direct, privileged access to wartime detainees in a military detention facility for counsel merely purporting to represent a detainee, without any showing by counsel of proof of appropriate authority to represent the detainee directly or through a next friend satisfying appropriate standing requirements, the Magistrate Judge's order offends separation of powers.  Accordingly, as more fully explained in the *Kiyemba* memorandum, the July 21 Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected therein should be set aside.

While petitioners' counsel, pursuant to the July 21 Order, has already met with petitioners (as well as detainees in other cases) during counsel's visit to Guantanamo from July 22-29, 2006, respondents objections to the July 21 Order remain.[2]  Petitioners' counsel has yet to provide any direct authorization for suit from petitioners that would moot respondents' objections to the

---

[2] Petitioners' motions for counsel access in these cases were filed on July 20, 2006; respondents did not receive them until July 21, 2006, and a hearing before the Magistrate Judge was held that same day, one business day before counsel's meetings with detainees at Guantanamo were scheduled to begin.  The Magistrate Judge permitted respondents to state objections to petitioners' motions on the record and allowed them to file written objections the next week, *nunc pro tunc*.

standing of the putative next friend in this case, Omar Deghayes,[3] and the Magistrate Judge's construction and interpretation of the counsel access procedures contemplate two visits with petitioners prior to any required submission of direct authorization for suit from petitioners, regardless of the standing of a putative next friend.  Accordingly, respondents' objections to the July 21 Order, which so construes the counsel access procedures, remain viable.

For these reasons, the Magistrate Judge's July 21 Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected in the July 21 Order should be set aside.

Dated: August 4, 2006                         Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              DOUGLAS N. LETTER
                                              Terrorism Litigation Counsel

---

[3] The putative next friend Deghayes in these cases has failed to establish appropriate next friend standing under *Whitmore v. Arkansas*, 495 U.S. 149 (1990), which requires a purported next friend to satisfy the "two firmly rooted prerequisites":  (1) he must demonstrate that the detainee on whose behalf he claims to file a petition for writ of habeas corpus cannot challenge the legality of his detention himself; and (2) he must have a significant relationship with this detainee in order to demonstrate that he is truly dedicated to this detainee's best interests.  *Id.* at 163-64.  Mr. Deghayes has done neither.  The next friend authorizations provided with the petitions in these cases neither explain why petitioners could not and cannot avail themselves of the opportunities provided by the Department of Defense for detainees to contact the Court and/or counsel themselves, nor do they demonstrate any significant relationship between Deghayes and these petitioners (rather, the authorizations merely state, without explanation, that Deghayes knows petitioners want legal assistance).  *See Zalita* Petition, Exhibit; *Alkhemisi* Petition, Exhibit A.

    /s/ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents