APPROVED FOR PUBLIC FILING BY CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALKHEMISI, *et al.* ) <br> ) <br> *Petitioners,* ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, *et al.*, ) <br> ) <br> *Respondents.* ) <br> ) | Civ. No. 05-CV-01983 (RMU) |

**MOTION TO RECONSIDER AND VACATE
ORDER OF SEPTEMBER 20, 2007 DISMISSING CASES**

Petitioners respectfully ask the Court to reconsider and vacate its Order dated September 20, 2007, dismissing these cases for lack of jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007).

1. The D.C. Circuit has made clear that this Court should *not* dismiss Guantánamo habeas cases pending the Supreme Court's disposition of *Boumediene*. Moreover, as discussed in ¶¶ 1(b) and (d) below, the pendency of appeals deprives this Court of jurisdiction to dismiss 11 of the 16 cases it dismissed. In another case, a motion to recall the mandate is pending in the D.C. Circuit and a petition for certiorari has been filed.

   a. On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the Court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, recalled the mandate on July 26, 2007. (Ex. A.) The effect of the recall of the mandate was to divest this Court of jurisdiction to dismiss those cases, and to preserve in those cases the protective order and counsel access rules that gov-

ern Guantánamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel with advance notice of any intended transfer of a prisoner from Guantánamo.[1]

      b.      Similarly, on March 22, 2007, the D.C. Circuit dismissed the appeals in *Kiyemba v. Bush*, No. 05-5487, in light of *Boumediene*. (Ex. C.) On May 10, 2007, the D.C. Circuit issued the mandate in the case; on September 7, 2007, however, after the Supreme Court granted certiorari in *Boumediene*, the D.C. Circuit recalled the mandate. (Ex. D.) *Kiyemba* is among the cases that this Court has dismissed. Because the *Kiyemba* appeal is pending, this Court lacks jurisdiction to dismiss it. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997).

      c.      Similarly, on April 9, 2007, the D.C. Circuit dismissed the appeals in *Paracha v. Bush*, No. 05-5194, and remanded to this Court with directions to dismiss the case in light of *Boumediene*. (Ex. E.) On June 20, 2007, the D.C. Circuit denied the petitioner's motion to stay the mandate. (Ex. F.) On September 7, 2007, however, the D.C. Circuit stayed the mandate pending the Supreme Court's disposition of *Boumediene*. (Ex. G.)

      d.      Finally, on August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, *et al.*, to dismiss 12 of the 16 cases that this Court has dismissed pending the Supreme Court's disposition of *Boumediene*; the D.C. Circuit directed that the cases be "held in abeyance pending further order of the court." (Ex. H.) In its

---

[1] The day after this Court dismissed the 16 cases, the government sent counsel an email asserting that the dismissal rendered inoperative the protective order and counsel access rules that govern these cases. *See, e.g.*, Email dated Sept. 21, 2007, from Andrew Warden to David Remes (Ex. B). According to the government's email, counsel may henceforth visit and communicate with petitioners only as permitted by the "jurisdictionally appropriate"—*i.e.*, more restrictive—protective order entered by the D.C. Circuit for cases brought under the Detainee Treatment Act of 2005. *Id.* It would be anomalous, to say the least, if petitioners in the above-captioned cases or the others this Court dismissed were required to live under a more restrictive regime for client access and communications, and related orders, than the petitioners in the vast majority of habeas cases that, as discussed in the text, the D.C. Circuit and other district court judges have decided *not* to dismiss pending the Supreme Court's resolution of *Boumediene*.

order, the D.C. Circuit also deferred consideration of the government's motion to vacate orders entered by this Court requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantánamo.[2] Because the appeals in those cases are pending, this Court lacks jurisdiction to dismiss them. *See DeFries*, 129 F.3d at 1302.[3]

    2.    Eleven other judges of this Court have denied or deferred government motions to dismiss pending the Supreme Court's disposition of *Boumediene*. *See, e.g., Taher v. Bush*, No. 06-cv-1684 (GK) (D.D.C. Sept. 13, 2007) (Doc. 26) (Ex. I); *Razakah v. Bush*, No. 05-cv-2370 (EGS) (D.D.C. Aug. 17, 2007) (minute order); *Al Darby v. Bush*, No. 05-cv-2371 (RCL) (D.D.C. Aug. 8, 2007) (Doc. 49) (Ex. J); *Al-Mohammed v. Bush*, No. 05-cv-0247 (HHK) (D.D.C. Aug. 7, 2007) (Doc. 66) (Ex. K); *Khalid v. Bush*, No. 04-cv-1142 (RJL) (D.D.C. Aug. 7, 2007) (Doc. 90) (Ex. L); *Faraj v. Bush*, No. 05-cv-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66) (Ex. M); *Maqaleh v. Gates*, No. 06-cv-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13) (Ex. N)

---

[2] *Al-Hela v. Bush*, No. 05-cv-1048 (RMU), *appeal pending*, No. 05-5230 (D.C. Cir.); *Hatim v. Bush*, No. 05-cv-1429 (RMU), *appeal pending*, No. 05-5398 (D.C. Cir.); *Al-Oshan v. Bush*, No. 05-cv-0520 (RMU), *appeal pending*, No. 05-5237 (D.C. Cir.); *Tumani v. Bush*, No. 05-cv-0526 (RMU), *appeal pending*, No. 05-5244 (D.C. Cir.); *Sohail v. Bush*, No. 05-cv-0993 (RMU), *appeal pending*, No. 05-5478 (D.C. Cir.); *Al Karim v. Bush*, No. 05-cv-0998 (RMU), *appeal pending*, No. 05-5374 (D.C. Cir.); *Rabbani v. Bush*, No. 05-cv-1607 (RMU), *appeal pending*, No. 06-5235 (D.C. Cir.); *Alkhemisi v. Bush*, No. 05-cv-1983 (RMU), *appeal pending*, No. 06-5041 (D.C. Cir.); *Naseer v. Bush*, No. 06-cv-1689, *appeal pending*, No. 07-1188 (D.C. Cir.); *Zalita v. Bush*, No. 05-cv-1220 (RMU), *appeal pending*, No. 05-5353 (D.C. Cir.); *Al-Zarnouqi v. Bush*, No. 06-cv-1767 (RMU), *appeal pending*, No. 07-5148 (D.C. Cir.). The D.C. Circuit has separately recalled the mandate in *Kiyemba*, as discussed in ¶ 1(b) above. Of the four other cases dismissed by this Court, the D.C. Circuit dismissed appeals in two as moot because the petitioners had been transferred from Guantánamo. *Qayed v. Bush*, No. 05-cv-0454 (RMU), *appeal dismissed*, No. 05-5245 (D.C. Cir.); *Al-Subaiy v. Bush*, No. 05-cv-1453 (RMU), *appeal dismissed*, No. 05-5482 (D.C. Cir.). In the two other cases, no appeals were pending. *Al Halmandy v. Bush*, No. 05-cv-2385 (RMU); *Al-Delebany v. Bush*, No. 05-cv-2477 (RMU).

[3] On April 25, 2007, this Court dismissed *Zalita v. Bush*, No. 05-cv-1220 (RMU), on receiving the D.C. Circuit's mandate. (Doc. 61.) The D.C. Circuit issued its mandate, however, before the Supreme Court granted review in *Boumediene* and the D.C. Circuit recalled its mandate in *Boumediene*. Zalita has asked the D.C. Circuit to recall the mandate in his case; his motion is pending. On September 21, 2007, Zalita filed a petition for certiorari in the Supreme Court.

(Bagram prisoner); *Ameziane v. Bush*, No. 05-cv-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Zadran v. Bush*, No. 05-cv-2367 (RWR) (D.D.C. July 2, 2007) (minute order). Judge Collyer dismissed the habeas cases assigned to her but reinstated them on reconsideration, *e.g.*, *Al Shimrani v. Bush*, No. 05-cv-2249 (RMC) (D.D.C. Aug. 22, 2007) (Doc. 59) (Ex. O); and Judge Walton has closed his cases administratively but has not dismissed them, *see Mohammon v. Bush, et al.*, No. 05-cv-2386 (RBW) (D.D.C. Jan. 31, 2007) (Ex. P). Judge Robertson dismissed his cases before the Supreme Court granted certiorari in *Boumediene* and the D.C. Circuit recalled its mandate; he is currently considering motions to reconsider.

3. In *Kiyemba*, this Court rejected the government's claim that the Court could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantánamo habeas cases. The Court stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at * 7 (D.D.C. Apr. 28, 2006). As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* at *7-8.

*Kiyemba v. Bush*, No. 05-cv-01509 (RMU), 2006 WL 2255736, at *2 (D.D.C. Aug. 7, 2006) (mandate in appeal recalled by D.C. Circuit). It has not been "ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." As this Court noted, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. *Id.* at *2 n.4.

For these reasons, the Court should reconsider and vacate its Order of September 20, 2007, dismissing these cases.

Respectfully submitted,

_____
Wesley R. Powell (NY-WP-7857
**HUNTON & WILLIAMS LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1000
Fax: (212) 309-1100

Karma B. Brown (DC Bar No. 479774)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006
Tel: (202) 955-1500
Fax: (202) 778-2201

*Attorneys for Petitioner Ismail Alkhemisi*

September 27, 2007
New York, New York

5

## **DECLARATION OF SERVICE**

Madonna Fleming, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746 that:

I am a Paralegal at the law firm of Hunton & Williams LLP, attorneys for Petitioner Ismail Alkhemisi.

That on September 27, 2007, I served a true copy of the foregoing Motion to Reconsider and Vacate Order of September 20, 2007 Dismissing Cases, on all counsel of record via the Court's Electronic Case Filing (ECF) System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2007.

                                                /s/ Madonna Fleming
                                                Madonna Fleming

TO: All Counsel of Record