EXHIBIT B

**Powell, Wesley R.**

---

| | |
|---|---|
| **From:** | Warden, Andrew (CIV) [Andrew.Warden@usdoj.gov] |
| **Sent:** | Friday, September 21, 2007 6:10 PM |
| **To:** | ggutierrez@ccr-ny.org; Powell, Wesley R. |
| **Subject:** | Alkhemisi v. Bush (05-CV-1983) |
| **Attachments:** | GTMO Procedure Guide_Final.pdf; Bismullah-Parhat unopposed motion to amend PO.pdf |

Dear Counsel:

As you are aware, Judge Urbina's September 20, 2007 Order dismissed *Alkhemisi v. Bush (*05-CV-1983). In light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime. Accordingly, any further counsel access to petitioner must be governed by a jurisdictionally-appropriate protective order entered in a pending DTA case. Thus, you must satisfy the following criteria prior to resuming access to the petitioner in this case: 1) the filing of a DTA petition in the Court of Appeals; and 2) entry by the Court of Appeals of the Protective Order entered in *Bismullah v. Gates*, ___ F.3d ___, 2007 WL 2067938 (D.C. Cir. 2007), modified in accordance with the government's Unopposed Motion To Amend Protective Order, filed in *Bismullah* on August 20, 2007 (see attached); and 3) the signing of an acknowledgment agreeing to comply with the Guantanamo Procedure Guide For Counsel Access In Detainee Treatment Act Cases (see attached). If you choose to pursue entry of the protective order, please contact August Flentje (August.Flentje@usdoj.gov) who is handling the DTA litigation in the Court of Appeals.

With respect to any legal mail that you may have sent petitioner pursuant to the district court counsel access regime since dismissal of the habeas case, the mail will held by the Privilege Team (or returned to you at your request) pending satisfaction of the above criteria for counsel access in the DTA litigation, unless the mail has already been processed by the Privilege Team. In the event the Privilege Team has conducted its contraband review of the incoming legal mail and forwarded it to Guantanamo for delivery, the mail will be delivered to petitioner consistent with the prior district court protective order regime. Similarly, the Privilege Team will hold at the secure facility any outgoing legal mail sent by petitioner to you, pending satisfaction of the above criteria for counsel access in the DTA litigation. Thus, Privilege Team would not perform classification review of outgoing legal mail written by petitioner to you, nor would you be permitted to read such mail at the secure facility until the protective order is entered in a DTA case.

Please remember that certain requirements of the district court protective order, *i.e.,* requirements pertaining to the handling of classified and "protected" information appropriately, retain vitality beyond dismissal of the habeas case. See Protective Order, 344 F. Supp. 2d 174, ¶¶ 17, 35, 50, Exhibit B (for access to classified information, counsel required to sign Memorandum of Understanding that nondisclosure requirements survive litigation); Exhibit C (for access to protected information, counsel required to sign Acknowledgment that nondisclosure requirements survive litigation). Thank you in advance for your compliance in this regard.

Best regards,

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084

Exhibit
B