EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHMOOD SALIM AL-MOHAMMED, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | Civil Action 05-00247 (HHK) |

### ORDER TO STAY AND HOLD IN ABEYANCE

Petitioner Al-Mohammed is a Syrian national being detained by the U.S. military at Guantánamo Bay Naval Base who has filed a habeas corpus petition challenging the legality of his detention. Before the court is Petitioner's motions to stay and abey his habeas corpus motions [#55], pending resolution of the appeals in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (concluding that the district court no longer had jurisdiction over petitions for habeas corpus brought by those detained by U.S. military at Guantanamo pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA")).

On June 29, 2007, the Supreme Court granted certiorari in *Boumediene*. *See* 75 U.S.L.W. 3707 (June 29, 2007). On July 26, 2007, the D.C. Circuit granted petitioners' motion to recall the mandate in *Boumediene* pending the Supreme Court's review of that decision. *See Boumediene*, No. 05-5062 (D.C. Cir. July 26, 2007) (order granting motion and recalling the mandate).



EXHIBIT K

Petitioner seeks an order staying his petition in light of the pending review in *Boumediene*. The Government contends, *inter alia*, that *Boumediene* and the MCA deprive this court of jurisdiction over such motions.[1]

In light of the recall of the mandate in *Boumediene*, and upon consideration of the motion, the opposition thereto, and the record in this case, it is this August 7, 2007, hereby

**ORDERED** that Petitioner's motion to stay and abey this case [#55] is **GRANTED** and all matters in the above-captioned action are **STAYED** pending resolution of the Supreme Court's review of *Boumediene*.

Henry H. Kennedy, Jr.<br>
United States District Judge

---

[1] The D.C. Circuit, however, has denied motions to vacate a district court's 30 days' notice of transfer orders and has confirmed that district courts may "consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court." *See Al Ginco v. Bush*, No. 06-5191 (D.C. Cir. June 7, 2007).