FILED WITH THE
COURT SECURITY OFFICER
CSO:
DATE:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ISMAIL ALKHEMISI**, *et al.*,      ) | |
| ) | |
| **Petitioner,**     ) | |
| ) | **Case No.: 05-cv-1983 (RMU)** |
| **v.**       ) | |
| ) | |
| **GEORGE W. BUSH, et al.,**     ) | |
| ) | |
| **Respondents.**     ) | |
| ) | |
| ) | |

## PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURN, AND TO SET STATUS CONFERENCE

For the reasons set forth in the accompanying Memorandum in Support of Petitioner's Motion to Lift Stay, For Production of Factual Return, and to Set Status Conference, Petitioner Ismael Ali Farag Al Bakush (ISN 708) (originally identified in the Petition as Ismail Alkhemisi), respectfully requests that the Court order the following relief:

1.    Vacate the Court's order staying this action, entered on November 21, 2005 (Dkt. No. 4);

2.    Require Respondents to produce the full, unredacted Factual Return to Mr. Bakush's Petition within 14 days from the date of this Court's order requiring such production; and

3.    Set a status conference for this matter at the Court's earliest convenience.

Pursuant to Local Rule 7(m), counsel sought Respondents' agreement to the relief requested herein prior to filing this motion. Counsel for Respondents has informed us that Respondents do not oppose lifting the stay, but do oppose granting the other relief sought

pending the ongoing discussions with Chief Judge Lamberth and Judge Hogan of possible coordination of certain aspects in the Guantanamo *habeas* litigation.

**WHEREFORE**, Petitioner Bakush respectfully requests that the Court grant the relief requested herein, and such other and further relief as may be just and proper.

Dated:  June 26, 2008                                    Respectfully submitted,


Of Counsel:                                              /s/ Wesley R. Powell
                                                         Wesley R. Powell
Shayana Kadidal                                          wpowell@hunton.com
skadidal@ccrjustice.org                                  HUNTON & WILLIAMS LLP
CENTER FOR CONSTITUTIONAL                                200 Park Avenue
RIGHTS                                                   New York, NY  100166
666 Broadway, 7th Floor                                  Telephone:   (212) 309-1000
New York, NY 10012                                       Facsimile:    (212) 309-1100
Telephone:  (212) 614-6439
Fax:          (212) 614-6499                             Karma B. Brown
                                                         kbbrown@hunton.com
                                                         HUNTON & WILLIAMS LLP
                                                         1900 K Street, N.W.
                                                         Washington, DC  20006-1109
                                                         Telephone:   (202) 955-1500
                                                         Facsimile:    (202) 778-2201

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISMAIL ALKHEMISI, *et al.,* | ) | |
| | ) | |
| **Petitioners,** | ) | |
| | ) | **Case No.: 05-cv-1983 (RMU)** |
| v. | ) | |
| | ) | |
| GEORGE W. BUSH, *et al.,* | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURN, AND TO SET STATUS CONFERENCE

Petitioner Ismael Ali Farag Al Bakush (ISN 708) (originally identified in the Petition as Ismail Alkhemisi) have today filed a motion for an order vacating the existing stay, requiring Respondents to immediately produce the full, unredacted Factual Return to Mr. Bakush's Petition, and setting a status conference to establish the schedule for discovery and a hearing on the merits of Mr. Bakush's petition and to discuss other preliminary matters identified below. We set forth below some background on this action, the bases for the relief requested, and a preliminary identification of matters for discussion at the proposed status conference.

### Introduction

1.    Mr. Bakush's habeas petition has been stayed for more than two years pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 533 U.S. __ (June 12, 2008).

2.    On June 12, 2008, the Supreme Court struck down section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of

jurisdiction over these *habeas corpus* petitions. *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.*, slip op. (majority) at 66.

3.  Consistent with the Supreme Court's direction, Petitioner Bakush respectfully seeks to immediately resume this action, obtain the discovery necessary to fully challenge Respondents' purported legal and factual basis for detaining Mr. Bakush without charges for the last six years, and to establish a schedule for a hearing on the merits of his Petition.

## Procedural History

4.  Petitioner Bakush is a prisoner at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). Petitioner has been imprisoned at Guantánamo since early 2002.

5.  Petitioner has been unlawfully designated as an enemy combatant. He does not fall within any lawful basis for military detention.

6.  In the years since this Court's stay was entered, petitioner has suffered and continues to suffer harsh confinement conditions at Guantánamo.

7.  On October 6, 2005, Petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") in this Court. Respondents quickly moved to stay the proceeding, and on November 21, 2005, this Court entered a stay. (Dkt. No. 4.)

8.  The original Petition that included Petitioner Bakush was filed by other counsel on behalf of Mr. Bakush and Hasan Balgaid. (Pet. 1.) In that original Petition, Mr. Bakush was identified as Ismail Alkhemisi. (Id.) The undersigned counsel assumed Mr. Bakush's representation in July, 2007 (*see*, July 16, 2007 Notice of Appearance, Dkt. No. 38.) Through

visiting Petitioner at the base, we have determined the proper phonetic spelling of his name is Ismael Ali Farag Al Bakush.

9.    We have been informed by our co-counsel at the Center for Constitutional Rights that Petitioner Balgaid has never been located in Guantanamo and is believed to have been held by the United States in Bagram, Afghanistan. The undersigned counsel has never represented Mr. Balgaid.

## Argument

### I.    Petitioner is Entitled to a Prompt Hearing On The Merits of His Claim

10.    Justice necessitates that Petitioner's claim be promptly addressed. The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243; ("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added). Courts, including the majority in *Boumediene*, see slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases. *See, e.g., Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v.*

*Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

11.    The need for a prompt hearing is never greater than where a petitioner previously has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

12.    Petitioner is in the seventh year of his imprisonment and has been afforded no judicial review of the merits of his claim or the lawfulness of his detention to date.

13.    The instant case was stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case now decided, the Court should promptly lift the stay and allow Petitioner's *habeas corpus* claims to proceed on the merits.

14.    A grant of the relief requested by this motion lies within the sound discretion of the Court.

### Relief Requested

15.    For all of these reasons, we respectfully ask that the Court enter an order granting the following relief:

A.    Vacate the pending stay of this action (Dkt. No. 4);

B.    Require Respondents to produce the full, unredacted Factual Return for Mr. Bakush within 14 days from the date of the Court's order requiring such production; and

C.    Set a status conference for this matter at the Court's earliest convenience.

## Matters For Proposed Status Conference

Counsel for Petitioner is aware of, and participating in, the discussions with Chief Judge Lamberth and Judge Hogan concerning the most effective and expeditious means for moving this and other Guantanamo habeas cases toward a fair, complete, and prompt resolution. To that end, and for the Court's convenience, we preview here a non-exhaustive list of topics that should be taken up at the proposed initial status conference, recognizing that some of these issues may become the subject of coordinated handling by Judge Hogan:

A.    Entering an Order requiring 30 days notice before transferring Mr. Bakush to his native Libya or any other country, to preserve the Court's jurisdiction over this matter and to avoid rendering Mr. Bakush to a home country where he is at risk of torture and death;

B.    Facilitating security clearances for additional Hunton & Williams lawyers and staff, in light of the increased workload in pursuing habeas hearings for Mr. Bakush and other Guantánamo detainees;

C.    Correcting the spelling of Petitioner's name through an amendment to the petition or other appropriate means;

D.    Establishing a framework and schedule for the discovery necessary for Mr. Bakush to mount a full challenge to the purported factual basis for Respondents' detention of him, as called for in *Boumediene*.

E.    Setting a date for a hearing on the merits of Mr. Bakush's habeas challenge.

## Conclusion

For the foregoing reasons, the Motion should be granted and Petitioner Bakush should be granted such other and further relief as may be just and proper.

Dated: June 26, 2008

Respectfully submitted,


Of Counsel:

/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439
Fax:        (212) 614-6499

HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 100166
Telephone:   (212) 309-1000
Facsimile:   (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone:   (202) 955-1500
Facsimile:   (202) 778-2201

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ISMAIL ALKHEMISI**, *et al.*, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No.: 05-cv-1983 (RMU)** |
| **v.** | ) | |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |
| | ) | |

## [PROPOSED] ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURN, AND TO SET STATUS CONFERENCE

For the reasons set forth in Petitioner Ismael Ali Farag Al Bakush's (ISN 708) (originally identified in the Petition as Ismail Alkhemisi) Memorandum in Support of Motion to Lift Stay, For Production of Factual Return, and to Set Status Conference, the Court hereby GRANTS Petitioner Bakush's Motion to Lift Stay, For Production of Factual Return, and to Set Status Conference.

The stay entered by order of November 21, 2005 (Dkt. No. 4) is vacated. Respondents are directed to produce the factual return for Mr. Bakush within 14 days of the date of this order. The Court will conduct a status conference at _____ on July _____, 2008.

_____

Ricardo M. Urbina
United States District Judge

## CERTIFICATE OF SERVICE

I certify that I today caused a true and accurate copy of Petitioner Motion To Lift Stay, Memorandum in Support and Proposed Order to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W., Room 7144
> Washington, D.C. 20530

This 26th day of June, 2008.

/s/ Wesley R. Powell
Counsel for Petitioner