# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:
**GUANTANAMO BAY**
 **DETAINEE LITIGATION**

**Misc. No. 08-442 (TFH)**
**Civil Action Nos.**
02-CV-0828, 04-CV-1136, 04-CV-1164,
04-CV-1194, 04-CV-1254, 04-CV-1937,
04-CV-2022, 04-CV-2035, 04-CV-2046,
04-CV-2215, 05-CV-0023, 05-CV-0247,
05-CV-0270, 05-CV-0280, 05-CV-0329,
05-CV-0359, 05-CV-0392, 05-CV-0492,
05-CV-0520, 05-CV-0526, 05-CV-0569,
05-CV-0634, 05-CV-0748, 05-CV-0763,
05-CV-0764, 05-CV-0833, 05-CV-0877,
05-CV-0881, 05-CV-0883, 05-CV-0889,
05-CV-0892, 05-CV-0993, 05-CV-0994,
05-CV-0995, 05-CV-0998, 05-CV-0999,
05-CV-1048, 05-CV-1124, 05-CV-1189,
05-CV-1220, 05-CV-1236, 05-CV-1244,
05-CV-1347, 05-CV-1353, 05-CV-1429,
05-CV-1457, 05-CV-1458, 05-CV-1487,
05-CV-1490, 05-CV-1497, 05-CV-1504,
05-CV-1505, 05-CV-1506, 05-CV-1509,
05-CV-1555, 05-CV-1590, 05-CV-1592,
05-CV-1601, 05-CV-1602, 05-CV-1607,
05-CV-1623, 05-CV-1638, 05-CV-1639,
05-CV-1645, 05-CV-1646, 05-CV-1649,
05-CV-1678, 05-CV-1704, 05-CV-1725,
05-CV-1971, 05-CV-1983, 05-CV-2010,
05-CV-2083, 05-CV-2088, 05-CV-2104,
05-CV-2112, 05-CV-2185, 05-CV-2186,
05-CV-2199, 05-CV-2200, 05-CV-2249,
05-CV-2349, 05-CV-2367, 05-CV-2371,
05-CV-2378, 05-CV-2379, 05-CV-2380,
05-CV-2381, 05-CV-2384, 05-CV-2385,
05-CV-2386, 05-CV-2387, 05-CV-2398,
05-CV-2444, 05-CV-2477, 05-CV-2479,
06-CV-0618, 06-CV-1668, 06-CV-1674,
06-CV-1684, 06-CV-1688, 06-CV-1690,
06-CV-1691, 06-CV-1758, 06-CV-1759,
06-CV-1761, 06-CV-1765, 06-CV-1766,
06-CV-1767, 07-CV-1710, 07-CV-2337,
07-CV-2338, 08-CV-0987, 08-CV-1085,
08-CV-1101, 08-CV-1104, 08-CV-1153,

**08-CV-1185, 08-CV-1207, 08-CV-1221,**
**08-CV-1222, 08-CV-1223, 08-CV-1224,**
**08-CV-1227, 08-CV-1228, 08-CV-1229,**
**08-CV-1230, 08-CV-1231, 08-CV-1232,**
**08-CV-1233, 08-CV-1234, 08-CV-1235,**
**08-CV-1236, 08-CV-1237, 08-CV-1238,**
**08-CV-1310, 08-CV-1360, 08-CV-1440**

**RESPONDENTS' RESPONSE TO
THE COURT'S AUGUST 20. 2008 ORDER**

In its August 20, 2008 Minute Order, the Court ordered respondents to respond to petitioners' request that the standard Protective Order in these cases,[1] where applicable,[2] be amended to require the government to "provide to counsel and the Court a version of each court filing containing classified or protected information that is suitable for filing on the public record within two weeks of the original filing date."  *See also* Joint Report in Response to Court's July 11, 2008 Scheduling Order at 3 n.1 (Misc. No. 08-0442).  For the reasons explained below, respondents oppose petitioners' proposal.

*Background.*  The current standard Protective Order requires that, with certain exceptions, all filings be made through the Court Security Officer ("CSO"), who then forwards the filings to appropriate agencies for review to determine whether the filing contains any classified or protected information.  Upon such review, such agencies typically created a version of the submission suitable for public filing on the Court's electronic filing system, *i.e.*, a version with any classified or protected information redacted.  *See* Protective Order, ¶ 46, 344 F. Supp. 2d 174, 182 (D.D.C. Nov. 8, 2004).  In the July 11, 2008 Joint Status Report, respondents, with the concurrence of the Court Security Officer, proposed certain amendments to the filing

---

[1] *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.* (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected Information" in *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.* (D.D.C. Nov. 10, 2004).

[2] The standard Protective Order does not apply in Nos. 06-CV-1690, 08-CV-1085, 08-CV-1207, and 08-CV-1360.  *See* Order (Aug. 19, 2008) (Misc. No. 08-0442).

- 1 -

procedures reflected in the Protective Order.   *See* Joint Report in Response to Court's July 11, 2008 Scheduling Order at 1-2 & Resps' Ex. 1 (Misc. No. 08-0442).   The amended filing procedures update and improve the process for submitting filings in two significant respects. First, petitioner's counsel would be authorized to submit filings directly on Court's electronic filing system if counsel do not believe and have no reason to believe that a filing contains classified or protected information.  Second, filings containing only "protected information," as defined by the Protective Order, but not classified information, would be submitted pursuant to Local Civil Rule 5.1(j), the local rule of this Court governing under seal filings.  *Id.*  Filings that petitioner's counsel knows or has reason to believe contains classified information, or is uncertain whether they contains classified information, continue under the amended filing procedures to be filed under seal with the Court Security Officer, who then forwards the filings to appropriate agencies for review for any classified or protected information and creation of a redacted version for public filing.  *Id.*

    ***Argument.***  Petitioner's proposal to require the government to provide within two weeks of the original filing date a version of each Court filing containing classified or protected information that is suitable for filing on the public record should not be adopted.  The proposal will result in significant and inappropriate burdens on the government.

    Petitioner's proposal is misleading in that it assumes that review of documents for purposes of ascertaining the presence of classified and protected information is straightforward and quick, with any classified or protected information readily and easily identifiable. Identification of classified or protected material in filings can be quick and easy at times, but

time-consuming and labor-intensive in other circumstances.  The magnitude of the task is

dependent upon a variety of factors.

One of the primary factors is how classified information is presented in a filing.  A mere

citation to or quotation of an obviously classified passage in a classified document or source may

be easy enough to identify and mark as classified.  But filings are rarely so limited.  There may be

discussion of classified information that is intermingled with discussion of unclassified

information.  Information from classified source materials may be reworded, paraphrased, or

recast.  Each respective iteration makes the task of identifying classified information that must be

redacted more difficult, complex, or time-consuming.  Further, often discussions or assertions in

a filing that recast classified information or are not specifically sourced require research,

comparison with classified materials, or even consultation with original classification authorities

or subject matter experts to determine whether a passage or discussion in a filing, in fact, is

classified.  Thus, depending on how a document is written and how it is sourced, identification of

classified information can be difficult, complex, and time-consuming such that it would be

inappropriate to impose an arbitrary two-week time limit on such review in every case.[3]

Another reason that a two-week deadline for classification review and redaction of each

and every filing involving classified or protected information is inappropriate is that, going

forward in these cases, there could, and most likely will, be a very large number of merits-related

and other filings potentially involving classified or protected information.  For example, while

---

[3] To help facilitate classification reviews, the proposed modifications to the standard
Protective Order require petitioner's counsel to identify passages in a document that may contain
classified information.  Joint Report, Resps' Ex. 1.  While this may help reviewing agencies to
hone in on areas of a filing to review, it would not necessarily alleviate the types of burdens
described above.

the number of such filings by petitioners in any given timeframe, and the degree to which such filings will involve classified information, cannot be known, respondents will be regularly submitting factual returns that will involve significant amounts of classified information. Assuming petitioners each file a traverse or a dispositive motion of some nature based on respondents' classified submissions or otherwise, respondents' classification review responsibilities basically double, becoming onerous, to say the least. Tack onto that the fact that, as merits-related litigation continues, potentially numerous other motions or filings will be made each month referencing classified information, and a requirement that filings be reviewed and redacted in a two-week period regardless of the volume of filings becomes oppressive to the point of impossibility.

An important aspect of the resource considerations is that many of the same classification and subject matter experts who would be required to perform classification reviews are the same resources that are being devoted to processing documents for use in the classified factual return filings and then subsequent development of unclassified versions of the returns. Depending on the number of other filings made by petitioners, a two-week deadline for classification review and redaction of all filings will doubtless require at least periodic diversion of those resources from the processing of materials for factual returns.

Further, a two-week review requirement unnecessarily risks unauthorized disclosure of classified information. The government has taken the extraordinary step in this litigation of providing hundreds of petitioners' counsel with access to classified information, and the government has a compelling interest in the protection of that information from unauthorized disclosure and distribution. The proposed requirement that respondents finish in two weeks

classification review of all filings – no matter how numerous or few or how large or small –
places respondents in the untenable position of accelerating the often complicated process of
classification review to meet an artificial deadline.  Such pressures could result in erroneous
decisions and potentially compromise respondents' interests in maintaining security over
classified national security information.  *See Boumediene v. Bush*, __ U.S. __, 128 S. Ct. 2229,
2276 (2008) ("the Government has a legitimate interest in protecting sources and methods of
intelligence gathering; and we expect that the District Court will use its discretion to
accommodate this interest to the greatest extent possible").

On the other hand, such erroneous decisions could result in the marking of information as
classified or protected when a more detailed or thorough investigation might have resolved the
matter to the contrary, had time permitted.  Neither the public interest nor the interest of
petitioners is served by such a situation that could result from an abbreviated review schedule.

For these reasons, a rigid, two-week deadline for classification review and redaction of
filings is unworkable, unreasonable, and inappropriate.  The more appropriate approach is that
existing under the current standard Protective Order.  Under the current regime, no deadlines are
imposed for classification review and redaction, albeit the government makes efforts to effect a
classification review as quickly as circumstances permit.  In the meantime, of course, the filing at
issue is available to the Court and petitioner's counsel for consideration.  And in any situation in
which petitioner's counsel believe that classification review is unduly delayed, petitioner is free
to raise the matter with the government, or if necessary, the Court.  The Court should permit this
current system to remain, and, therefore, should not adopt petitioner's proposal.

- 5 -

*Conclusion.*  For these reasons, the Court should reject petitioner's proposal that the standard Protective Order in these cases be amended to require the government to "provide to counsel and the Court a version of each court filing containing classified or protected information that is suitable for filing on the public record within two weeks of the original filing date."

Dated: August 1, 2008                          Respectfully submitted,

                                               GREGORY G. KATSAS
                                               Assistant Attorney General

                                               JOHN C. O'QUINN
                                               Deputy Assistant Attorney General


                                                */s/ Terry M. Henry*
                                               JOSEPH H. HUNT (D.C. Bar No. 431134)
                                               VINCENT M. GARVEY (D.C. Bar No. 127191)
                                               JUDRY L. SUBAR (D.C. Bar No. 347518)
                                               TERRY M. HENRY
                                               ANDREW I. WARDEN
                                               PAUL AHERN
                                               Attorneys
                                               United States Department of Justice
                                               Civil Division, Federal Programs Branch
                                               20 Massachusetts Ave., N.W.
                                               Washington, DC  20530
                                               Tel:  (202) 514-4107

                                               Attorneys for Respondents